**Tarrant County District Clerk Online**
Thomas A. Wilder, District Clerk

Civil - Case and Transaction Information                                5/6/15 3:34 PM

Cause Number:        236-277738-15                          Date Filed: 04-06-2015

CLEVE BLAIR                    | VS |          METROPOLITAN LLOYDS
                                              INSURANCE COMPANY OF TEXAS

Cause of Action:     CONTRACT, CONSUMER/DTPA
Case Status:         PENDING

| File Mark | Description | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|
| 04-06-2015 | PLTFS ORIG PETN | N | 274.00 | |
| 04-06-2015 | COURT COST (PAID) trans #1 | Y | | 274.00 |
| 04-06-2015 | CIVIL INFO SHEET | I | | 0.00 |
| 04-06-2015 | CIT-ISSUED ON METROPOLITAN LLOYDS INSURANCE COMPANY OF-On 04/07/2015 | N   Svc | 8.00 | |
| 04-06-2015 | COURT COST (PAID) trans #4 | Y | | 8.00 |
| 04-06-2015 | JURY FEE | N | 30.00 | |
| 04-06-2015 | COURT COST (PAID) trans #6 | Y | | 30.00 |
| 04-06-2015 | SERVICE FEE, SUBSEQUENT CERTIFIED MAIL | N   Svc | 75.00 | |
| 04-06-2015 | COURT COST (PAID) trans #8 | Y | | 75.00 |
| 04-06-2015 | COPIES - ELECTRONIC | N | 5.25 | |
| 04-06-2015 | COURT COST (PAID) trans #10 | Y | | 5.25 |
| 04-06-2015 | E-FILE TRANSACTION FEE | N | 2.00 | |
| 04-06-2015 | COURT COST (PAID) trans #12 | Y | | 2.00 |
| 04-13-2015 | CIT Tr# 4 RET EXEC(METROPOLITAN LLOYDS INSURANCE C OMPANY OF TEXAS) On 04/10/2015 | I | | 0.00 |
| 05-01-2015 | ORIG ANS MEROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS | I | | 0.00 |
| 05-01-2015 | E-FILE TRANSACTION FEE | N | 2.00 | |
| | COURT COST (PAID) trans #16 | Y | | 2.00 |

**EXHIBIT**
**2**

| Date | Description | | | |
|------|-------------|---|---|---|
| 05-01-2015 | | | | |
| 05-06-2015 | DEFN VERIFIED PLEA IN ABATEMENT C/N | I | | 0.00 |
| 05-06-2015 | E-FILE TRANSACTION FEE | N | 2.00 | |
| 05-06-2015 | COURT COST (PAID) trans #19 | Y | | 2.00 |

**District Clerk's Office**

Tim Curry Justice Center

401 West Belknap, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

FILED
TARRANT COUNTY
4/6/2015 4:48:33 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 236-277738-15

| | | |
|---|---|---|
| CLEVE BLAIR | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL COURT |
| | § | |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes Cleve Blair, hereinafter referred to as "Plaintiff," complaining of Defendant, Metropolitan Lloyds Insurance Company of Texas, hereinafter referred to as "Defendant," and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, Cleve Blair, is an individual and resident of Texas.

Defendant, Metropolitan Lloyds Insurance Company of Texas ("Metropolitan"), is a Texas domestic Lloyds plan insurance company that, on information and belief, is licensed to conduct the business of insurance in Texas and/or has its principal place of business located in Texas. Additionally, one or more of Metropolitan's "members" are citizens of Texas. Metropolitan does not list a registered agent for service with the Texas Department of Insurance.

Page 1 of 15

236-277738-15

It can, therefore, be served with citation by serving its registered agent, C T Corporation System, by certified mail, return receipt requested, at 1999 Bryan St., Suite 900, Dallas, TX 75201. Additionally, Metropolitan's nerve center and home office is located in Dallas, Texas.

### III. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Tarrant County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Tarrant County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code § 15.032 (see below).

### IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

A.   Plaintiff is the holder of insurance Policy Number H 098355635-0 issued by the Defendant (hereinafter referred to as the "Policy").

B.   Plaintiff owned the insured property, which is specifically located at 2105 Canton Dr., Fort Worth, Tarrant County, TX 76112 on April 3, 2014 (hereinafter referred to as the "Property").

C.   Defendant or its agent sold the Policy, insuring the Property, to Plaintiff.

D.   On or about April 3, 2014, a severe wind and hailstorm struck the Fort Worth, Texas area causing severe damage to homes and businesses throughout the area, including Plaintiff's Property.

236-277738-15

E.   In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Defendant against the Policy for roof damage and water damage the Property sustained as a result of the wind and hailstorm.  Plaintiff asked that Defendant cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F.   Defendant assigned claim number JDE30663 to Plaintiff's claim.

G.   Defendant hired and/or assigned an adjuster to adjust the claim.

H.   Defendant and/or its agent improperly adjusted the Plaintiff's claim.  Without limitation, Defendant's adjuster misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim/loss under Plaintiff's Policy. Through Defendant's adjuster, Defendant made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, and without knowledge of the truth.  Defendant made these false representations with the intent that Plaintiff act in accordance with said misrepresentations.   Plaintiff relied on the Defendant's misrepresentations, including but not limited to those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property.  Plaintiff has been damaged as a result of such reliance.

I.   Because Defendant underpaid Plaintiff on Plaintiff's insurance claim, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's Property.  This has caused additional, further damage to Plaintiff's property.  Defendant also advised Plaintiff as to how Plaintiff could repair Plaintiff's Property so as to prevent further damage to the Property.  This advice, however, was false because Plaintiff could not properly repair the Property and prevent future damage by following Defendant's advice, due both to the fact

that the advice was false and to Defendant's failure to pay for damages covered under the Policy. Plaintiff's Property has sustained further damages as a result.

J.      Defendant misrepresented that the damages caused by the wind and hailstorm were only $2,939.23. However, Defendant's representations were false because Plaintiff's wind and hailstorm damages exceed $50,000.00 and were caused by a covered occurrence.

K.      Defendant, by and through its adjuster, made material misrepresentations of the policy. Specifically, on March 15, 2015, Defendant represented to the Plaintiff that he was required to file a lawsuit within twelve months of the date of loss. Furthermore, Defendant represented to Plaintiff that he may not file a lawsuit "until the legal liability has been fully determined by judgment after trial or by written agreement of you, the injured person and us." Both of the above representations were false and contrary to Texas law. Moreover, both of the above misrepresentations were made knowingly and intentionally with the intent to deceive the Plaintiff into believing that he did not have the legal right to file a lawsuit against the Defendant.

L.      Defendant failed to properly adjust the claims and Defendant has denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

M.      These false representations allowed Defendant to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

N.      Plaintiff's claim(s) still remain unpaid and the Plaintiff still has not been able to properly repair the Property.

O.      Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to pay the full proceeds

236-277738-15

of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

P.   Defendant misrepresented to Plaintiff that some of the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

Q.   Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

R.   Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. TEX. INS. CODE Section 541.060(a)(3).

S.   Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

236-277738-15

T.      Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation.  Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property.   Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE Section 541.060 (a)(7).

U.      Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline.  Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

V.      Defendant failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information.  Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE Section 542.056.

W.      Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for their claim.  Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

X.      From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendant has refused to pay Plaintiff in full, despite there being no basis

whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

Y.   As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing Plaintiff with respect to these causes of action.

Z.   Plaintiff's experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder. Specifically, Defendant received a benefit when it refused to pay Plaintiff's entire claim because it retained thousands of dollars that should rightfully have been paid to Plaintiff under the Policy.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, Defendant has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the wind and hailstorm. As a result of the wind and hailstorm and/or ensuing losses from the wind and hailstorm, both of which are covered perils under the Policy, Plaintiff's Property has been damaged.

236-277738-15

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiff.  As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

**B. Cause of Action for Violation of Section 542**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendant's acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code.  Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendant did not request from Plaintiff any items, statements, or forms that it reasonably believed at that time would be required from Plaintiff for his claim.  As a result, Defendant has violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe.  Defendant also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period.  In addition, in the event it is determined that Defendant owes Plaintiff any additional monies on Plaintiff's claim, then Defendant has automatically violated Section 542 in this case.

**C. DTPA Cause of Action**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the provisions of the DTPA.  Plaintiff is a consumer of goods and services provided by Defendant pursuant to the DTPA.  Plaintiff has met all conditions precedent to

236-277738-15

bringing this cause of action against Defendant.  Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  In this respect, Defendant's violations include, without limitation, (1) its unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) its failure to give Plaintiff the benefit of the doubt, and (3) its failure to pay for the proper repair of Plaintiff's Property on which liability had become reasonably clear, which gives Plaintiff the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendant advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA.

Defendant has breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policy. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendant's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. Cause of Action for Unfair Insurance Practices**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to

bringing this cause of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendant's failure to pay for the proper repair of Plaintiff's Property on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiff the benefit of the doubt. Specifically, as described in Plaintiff's factual allegations, Defendant is guilty of the following unfair insurance practices:

    A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    B.    Engaging in unfair claims settlement practices;

    C.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    D.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

    E.    Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

    F.    Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

    G.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

236-277738-15

All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

### E.  Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action.  By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.  Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered.  These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.

### VII.  WAIVER AND ESTOPPEL

Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

### VIII.  DAMAGES

The above described acts, omissions, failures and conduct of Defendant has caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's property and any investigative and engineering fees incurred in the claim.  Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract.  Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim

against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees. In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00. Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

## IX.  ADDITIONAL DAMAGES

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## X.  EXEMPLARY DAMAGES

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XI.  ATTORNEYS' FEES

As a result of Defendant's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay

236-277738-15

reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII. JURY DEMAND

Plaintiff asserts Plaintiff's right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiff tenders the fee of $30.00, as required by Texas Government Code Section 51.604.

## XIII. REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff requests that Defendant discloses, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) – (1).

## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which he may show himself to be justly entitled.

236-277738-15

Respectfully submitted,

**SPEIGHTS & WORRICH**
1350 North Loop 1604 E., Suite 104
San Antonio, Texas 78232
 (210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)


By: _Jacey Hornecker /s Perm_
   JACEY HORNECKER
   Texas State Bar No. 24085383
   jacey@speightsfirm.com

**ATTORNEY FOR PLAINTIFF**

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _236-277738-15_     COURT *(FOR CLERK USE ONLY):* _____

STYLED _Cleve Blair v. Metropolitan Lloyds Ins. Co. of Texas_

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Todd A. Worrich   Email: todd@speightsfirm.com | Plaintiff(s)/Petitioner(s): Cleve Blair | ☒Attorney for Plaintiff/Petitioner ☐Pro Se Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: |
| Address: 1350 North Loop 1604 East Suite 104   Telephone: 210-495-6789 | | Additional Parties in Child Support Case: |
| City/State/Zip: San Antonio, TX 78232   Fax: 210-495-6790 | Defendant(s)/Respondent(s): Metropolitan Lloyds Ins. Co. of Texas | Custodial Parent: |
| Signature: /Todd/   State Bar No: 24037740 | | Non-Custodial Parent: |
| | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☐Consumer/DTPA ☐Debt/Contract ☐Fraud/Misrepresentation ☐Other Debt/Contract: | ☐Assault/Battery ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: | ☐Annulment ☐Declare Marriage Void *Divorce* ☐With Children ☐No Children | ☐Enforcement ☐Modification—Custody ☐Modification—Other |
| *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☒Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: | ☐Motor Vehicle Accident ☐Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability List Product: ☐Other Injury or Damage: | **Related to Criminal Matters** ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: | **Other Family Law** ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: | **Title IV-D** ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order **Parent-Child Relationship** ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Parentage/Paternity ☐Termination of Parental Rights ☐Other Parent-Child: |
| **Employment** | | **Other Civil** | | |
| ☐Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other: | | |
| **Tax** | | **Probate & Mental Health** | | |
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | *Probate/Wills/Intestate Administration* ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: | | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| ☐Appeal from Municipal or Justice Court | ☐Declaratory Judgment | ☐Prejudgment Remedy |
|---|---|---|
| ☐Arbitration-related | ☐Garnishment | ☐Protective Order |
| ☐Attachment | ☐Interpleader | ☐Receiver |
| ☐Bill of Review | ☐License | ☐Sequestration |
| ☐Certiorari | ☐Mandamus | ☐Temporary Restraining Order/Injunction |
| ☐Class Action | ☐Post-judgment | ☐Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☒Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev 2/13

Cause Number 236-277738-15

CLEVE BLAIR

VS

TARRANT METROPOLITAN LLOYDS
INSURANCE COMPANY OF TEXAS

2015 APR 14 PM 2:2

FILED

THOMAS A. WILDER
DISTRICT CLERK

### OFFICER'S RETURN

Received this _Citation_ on the 8th day of April, 2015 at 9:36 AM and executed at
_B/S CT CORPORATION SYSTEM REG AGT 1999 BRYAN ST STE 900 DALLAS TX 75201_

within the county of _____ State of TX on the 10th day of April, 2015 by mailing to
the within named _METROPOLITAN LLOYDS INSURANCE COMPANY OF_ a true copy of this _Citation_
together with the accompanying copy of:
_PLAINTIFF'S ORIGINAL PETITION_

Authorized Person/Constable/Sheriff: Thomas A. Wilder
401 W BELKNAP
FORT WORTH TX 76196-0402

County of Tarrant, State of Texas

By _____ Deputy

Fees $   0.00          KIMBERLY KRUMLAND

(Must be verified if served outside the State of Texas)

State of _____ County of _____

Signed and sworn to by the said _____ before me this _____

to certify which witness my hand and seal of office

(Seal)          _____

County of Tarrant, State of Texas

*23627773815000004*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK

FILED
TARRANT COUNTY
2015 APR 14  PM 2: 27

THOMAS A. WILDER
DISTRICT CLERK

THE STATE OF TEXAS                          **ORIGINAL**
DISTRICT COURT, TARRANT COUNTY

*CITATION*                    Cause No. 236-277738-15

CLEVE BLAIR

VS.

METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS

TO: METROPOLITAN LLOYDS INSURANCE COMPANY OF

TEXAS                          B/S CT CORPORATION SYSTEM REG AGT 1999 BRYAN ST STE 900 DALLAS, TX 75201- US

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 236th District Court
,401 W BELKNAP, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

CLEVE BLAIR

Filed in said Court on April 6th, 2015 Against
METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS

For suit, said suit being numbered 236-277738-15 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

JACEY HORNECKER
Attorney for CLEVE BLAIR Phone No. (210)495-6789
Address    1350 N LOOP 1604 E STE 104 SAN ANTONIO, TX 78232

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 7th day of April, 2015.

By _____ Deputy
KIMBERLY KRUMLAND

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 401 W BELKNAP, FORT WORTH TX 76196-0402

## OFFICER'S RETURN

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                              _____
County of _____, State of _____

FILED
TARRANT COUNTY
2015 APR 13 PM 12: 24
THOMAS A. WILDER
DISTRICT CLERK

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OF DOCUMENT PRODUCTION

| Postage | $ | .9 6 |
| Certified Fee | 3.30 | |
| Return Receipt Fee (Endorsement Required) | 2.5 0 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 6.60 |

236-277738-15 CM
*Sent To* METROPOLITAN LLOYDS INSURANCE CO OF TX
*Street, Apt.* B/S CT CORPORATION SYSTEM REG AG
*or PO Box* 1999 BRYAN ST STE 900
*City, State, Z* DALLAS, TX 75201

7013 0600 0002 0400 5396

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

2015 APR 13 PM 12: 24

1. Article Addressed to:

236-277738-15 CM
METROPOLITAN LLOYDS INSURANCE CO OF TX
B/S CT CORPORATION SYSTEM REG AG
1999 BRYAN ST STE 900
DALLAS, TX 75201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Chris Wells   APR 10 2015

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail®  ☐ Priority Mail Express™
☐ Registered  ☑ Return Receipt for Merchandise
☐ Insured Mail  ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)   7013 0600 0002 0400 5396

PS Form 3811, July 2013   Domestic Return Receipt

---

*CITATION*

Cause No. 236-277738-15

CLEVE BLAIR

VS.

METROPOLITAN LLOYDS
INSURANCE COMPANY OF TEXAS

ISSUED

This 7th day of April, 2015

Thomas A. Wilder
Tarrant County District Clerk
401 W BELKNAP
FORT WORTH TX 76196-0402

By   KIMBERLY KRUMLAND Deputy

JACEY HORNECKER
Attorney for: CLEVE BLAIR
Phone No. (210)495-6789
ADDRESS: 1350 N LOOP 1604 E STE 104

SAN ANTONIO, TX 78232

*CIVIL LAW*

*236277738150000004*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

236-277738-15

FILED
TARRANT COUNTY
5/1/2015 2:35:47 PM
THOMAS A. WILDER
DISTRICT CLERK

NO. 236-277738-15

| | | |
|---|---|---|
| CLEVE BLAIR, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS, | § | |
| | § | |
| Defendant. | § | 236TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Metropolitan Lloyds Insurance Company of Texas files this its Original Answer and respectfully shows the Court the following:

### I.
### ORIGINAL ANSWER

1.1    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained within the Plaintiff's Original Petition, and since they are allegations of fact, Plaintiff should be required to prove them by a preponderance of the evidence in accordance with the laws of the state of Texas.

### II.
### CONCLUSION AND PRAYER

2.1    Wherefore, premises considered, Defendant prays that Plaintiff take nothing by his suit, and for such other further relief to which Defendant may show itself justly entitled.

**DEFENDANT'S ORIGINAL ANSWER – PAGE 1**

2196872v1
04111.034

236-277738-15

Respectfully Submitted,

s/Daniel P. Buechler
Daniel P. Buechler
State Bar No. 24047756
dbuechler@thompsoncoe.com
Molly E. Raynor
State Bar No. 24068609
mraynor@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
(214) 871-8200
(214) 871-8209 - FAX

**COUNSEL FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2015, I served the following document on counsel via email and/or certified mail, return receipt requested and/or facsimile:

Jacey Hornecker
SPEIGHTS & WORRICH
1350 North Loop 1604 E, Suite 104
San Antonio, Texas 78232
Jacey@speightsfirm.com

s/Daniel P. Buechler
Daniel P. Buechler

2196872v1
04111.034

236-277738-15

NO. 236-277738-15

FILED
TARRANT COUNTY
5/6/2015 2:24:27 PM
THOMAS A. WILDER
DISTRICT CLERK

| | | |
|---|---|---|
| CLEVE BLAIR, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS, | § | |
| | § | |
| Defendant. | § | 236TH JUDICIAL DISTRICT |

## DEFENDANT'S VERIFIED PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Metropolitan Lloyds Insurance Company of Texas ("Defendant" or "Metropolitan Lloyds"), and files this Verified Plea in Abatement, and would respectfully show unto the Court the following:

## VERIFIED PLEA IN ABATEMENT

1.     On April 6, 2015, Plaintiff filed suit against Metropolitan Lloyds seeking recovery under Chapter 541 of the Texas Insurance Code ("Insurance Code") and under Chapter 17 of the Texas Business and Commerce Code ("DTPA"). *See Plaintiff's Original Petition*, Exhibit A.

2.     Prior to seeking recovery under the Insurance Code or the DTPA, however, Plaintiff was required to provide written notice to Defendant "not later than the 61st day before the date the action is *filed*." TEX. INS. CODE § 541.154; TEX. BUS. & COMM. ANN. § 17.505(a) (emphasis added). Additionally, the Insurance Code and DTPA require that the written notice state Plaintiff's specific complaint against each person being sued, along with the amount of his actual damages and expenses, if any, including attorney's fees reasonably incurred in asserting the claim against each person being sued. *Id.*

DEFENDANT'S VERIFIED PLEA IN ABATEMENT – Page 1
2199315v1
04111.034

236-277738-15

3.      Plaintiff did not give the required 60-day notice before filing suit. Rather, Plaintiff served Metropolitan Lloyds with his "notice letter" on the same day he filed suit. Accordingly, Defendant has not received timely written notice of Plaintiff's Insurance Code or DTPA claims as required by Section 541.154 of the Texas Insurance Code and Section 17.505(a) of the DTPA, and Metropolitan Lloyds files this plea in abatement, pursuant to Section 541.155 of the Texas Insurance Code and Section 17.505(c) of the DTPA, to abate Plaintiff's action against Defendant until 60 days after proper notice is provided to each of the named Defendants in compliance with the Insurance Code and DTPA. *Id.* Defendant should have the opportunity, before litigation is pending, to evaluate whether to avail themselves of the DTPA's and Insurance Code's provisions.

4.      Further, Plaintiff's notice letter is very general and contains no factual information about the causes of action specifically asserted against Metropolitan Lloyds. *See Letter*, Exhibit B. The letter essentially recites the Texas Insurance Code violations without identifying the specific factual allegations supporting the causes of action or providing any basis to imply the facts. In *Boone v. Safeco Insurance Company of Indiana*, the United States District Court for the Southern District of Texas held that a notice letter almost identical to the Plaintiff's notice letter did not satisfy the requirements of Section 541.154(b) of the Texas Insurance Code. *Boone v. Safeco Ins. Co. of Indiana*, No. H-09-1613, 2009 WL 3063320 at *3 (S.D. Tex. 2009). Because Plaintiff's written notice did not contain specific factual allegations supporting the causes of action, or enough information to imply those facts, Plaintiff's written notice is not sufficient notice under Section 541.154(b) of the Texas Insurance Code.

5.      Plaintiff's failure to provide the required statutory written notice has been verified. Therefore, this suit shall be automatically abated without order of the Court beginning on the 11th day after the filing of the plea in abatement, unless Plaintiff files a controverting

236-277738-15

affidavit, in accordance with Section 541.155(c)(2) of the Insurance Code and Section 17.505(d) of the DTPA. Accordingly, this suit must be abated a full 60 days after Plaintiff provides proper and sufficient written notice of his Insurance Code claims to Defendant.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court automatically grant this abatement if uncontroverted by Plaintiff, and if controverted by Plaintiff, grant this abatement after a hearing. Defendant Metropolitan Lloyds Insurance Company of Texas prays that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendant but Defendant go hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully Submitted,

/s/Daniel P. Buechler
Daniel P. Buechler
State Bar No. 24047756
dbuechler@thompsoncoe.com
Molly E. Raynor
State Bar No. 24068609
mraynor@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
(214) 871-8200
(214) 871-8209 - FAX

**COUNSEL FOR DEFENDANT**
**METROPOLITAN LLOYDS INSURANCE**
**COMPANY OF TEXAS**

236-277738-15

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2015, I served the following document on counsel via email and/or certified mail, return receipt requested and/or facsimile:

Jacey Hornecker
SPEIGHTS & WORRICH
1350 North Loop 1604 E, Suite 104
San Antonio, Texas 78232
Jacey@speightsfirm.com


/s/Daniel P. Buechler
Daniel P. Buechler

236-277738-15

## **VERIFICATION**

STATE OF TEXAS      §
           §
COUNTY OF DALLAS    §

   BEFORE ME, the undersigned authority, on this day personally appeared Daniel P. Buechler, who being by me first duly sworn, did on his oath depose and say that he is an attorney for Metropolitan Lloyds Insurance Company of Texas, who is duly authorized to verify the foregoing abatement on behalf of Defendant and upon information and belief that the factual statements contained within are, based upon his personal knowledge, true and correct.



            Daniel P. Buechler

   SUBSCRIBED AND SWORN TO BEFORE ME this 6th day of May, 2015.

            Notary Public, State of Texas

CATHY SCHMITZ
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 09-19-2015